

# United States District Court
## Southern District of Ohio at Cincinnati

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |
| **Wayne Brian Wade** | Case Number: 1:13-CR-006 |
| | USM Number: 71363-061 |
| | Richard Smith-Monahan, Esq. |
| | Defendant's Attorney |

## THE DEFENDANT:

[✓] pleaded guilty to count: <u>One of the Indictment</u>.
[ ] pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ] was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2250(a) | Failure to Register as a Sex Offender | | One |

The defendant is sentenced as provided in pages 2 through <u>6</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on counts(s) ___.

[ ] Count(s) ___ (is)(are) dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and the United States Attorney of material changes in the defendant's economic circumstances.

November 19, 2013
Date of Imposition of Judgment

_Signature of Judicial Officer_

**SANDRA S. BECKWITH**, United States Senior District Judge
Name & Title of Judicial Officer

11/19/13
Date

| | |
|---|---|
| CASE NUMBER: 1:13-CR-006 | Judgment - Page 2 of 6 |
| DEFENDANT: Wayne Brian Wade | |

# IMPRISONMENT

The defendant is hereby committed to the custody of the Commonwealth of Kentucky to be imprisoned for a total term of Fifteen (15) Months, to be served concurrently with the sentences imposed in Fayette County, Kentucky Circuit Court Case No. 12-CR-0228, and Fayette County, Kentucky District Court Case No. 13-CR-0172 .

[ ] The court makes the following recommendations to the Bureau of Prisons:

[✓] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district.
 [ ] at ___ on ___.
 [ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
 [ ] before 2:00 p.m. on _____.
 [ ] as notified by the United States Marshal but no sooner than
 [ ] as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

| | | |
|---|---|---|
| CASE NUMBER: | 1:13-CR-006 | Judgment - Page 3 of 6 |
| DEFENDANT: | Wayne Brian Wade | |

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 15 Years.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.

[ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[✓] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

[✓] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[✓] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

[ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISED RELEASE

14) Defendant shall register, and keep the registration current, in each jurisdiction where the Defendant resides, where he is an employee, and where he is a student. For initial registration purposes only, Defendant shall also register in the jurisdiction where convicted, if that jurisdiction is different from the jurisdiction of his residence. If Defendant's state of residence is not accepting registrations pursuant to SORNA, Defendant must maintain contact with state registration authorities and his probation officer to determine when registration can be accepted. The duty to register may continue after the expiration of Defendant's term of federal supervision, and any existing duty to register under state law is not suspended and will remain in effect until the state implements SORNA. If Defendant's supervision transfers to another federal district, Defendant's duty to register shall be governed by that district's policy and the laws of that state.

AO 245B (Rev. 09/11) Sheet 3 - Supervised Release

| CASE NUMBER: | 1:13-CR-006 | Judgment - Page 4 of 6 |
|---|---|---|
| DEFENDANT: | Wayne Brian Wade | |

15) Defendant is prohibited from utilizing a computer during the term of supervised release with the exception of and solely for legal research, outside employment, as a specific class assignment in an accredited educational institution, or to send or receive typed email messages without attached electronic files or images embedded in the body of a message, **as approved in advance by the probation officer.**

16) Defendant is required to install software to monitor computer activities on any computer Defendant is authorized to use, at Defendant's expense. The software may record any and all activity on the Defendant's computer, including the capturing of keystrokes, application information, internet use history, email correspondence, and chat conversation. This software will be checked on a random basis. Defendant shall have no expectations of privacy regarding computer use or information stored on the computer when monitoring software is installed, and he understands and agrees that information gathered by said software may be used against the Defendant in subsequent court actions regarding the Defendant's computer use and conditions of supervision. Defendant must warn other users of the existence of the software program. Defendant is prohibited from attempting to remove, tamper with, or alter or circumvent in any way the software program. Defendant must comply with the rules set forth in the computer monitoring participation agreement.

17) Defendant is prohibited from viewing, downloading, possessing or in any other form accessing, any and all pornographic materials.

18) Defendant shall participate in a sex offender treatment program, including risk assessment, psychosexual evaluation, and other evaluations as needed. Defendant shall be subject to periodic polygraph examinations at the discretion and direction of the probation officer, and at Defendant's expense. Defendant shall follow the rules and regulations of the sex offender treatment program as implemented by the probation office. Defendant shall sign all necessary authorization forms to release confidential information so that treatment providers, probation officers, polygraph examiners and others as necessary are allowed to communicate openly about Defendant and his relapse prevention program.

19) Defendant's residence and employment shall be pre-approved by the probation officer, and shall comply with state and local law.

20) Defendant shall have no contact with minor children, even with adult supervision, unless specifically otherwise approved by the Court. "Contact" includes forms of communication such as mail, telephone, and all other forms of electronic communication. Incidental contact with individuals under the age of 18, such as ticket vendors, cashiers, waiters, or similar interactions in usual and customary commercial service settings is not included in this prohibition.

21) Defendant is prohibited from loitering where minors typically congregate, such as playgrounds, arcades, amusement parks, recreation parks, shopping malls, swimming pools, sports activities, and public libraries.

22) Defendant shall submit his person, residence and all buildings at the residence, property, storage facility, and/or vehicle to a search at any time, with or without a warrant, by any probation officer or law enforcement officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by Defendant.

AO 245B (Rev. 09/08) Sheet 5 - Criminal Monetary Penalties
_____

CASE NUMBER: 1:13-CR-006            Judgment - Page 5 of 6
DEFENDANT: Wayne Brian Wade

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ 0.00 | $ n/a |

[ ] The determination of restitution is deferred until _. An amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

[ ] The defendant must make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment unless specified otherwise in the priority order of percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | *Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| TOTALS: | $____ | $____ | |

[ ] Restitution amount ordered pursuant to plea agreement $____

[ ] The defendant must pay interest on restitution and a fine of more than $2500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[✓] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    [✓] The interest requirement is waived for the   assessment.   [ ] fine   [ ] restitution.

    [ ] The interest requirement for the   [ ] fine   [ ] restitution is modified as follows:

_____

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 09/08) Sheet 6 - Criminal Monetary Penalties

| CASE NUMBER: | 1:13-CR-006 | Judgment - Page 6 of 6 |
|---|---|---|
| DEFENDANT: | Wayne Brian Wade | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A [✓] Lump sum payment of $ 100.00 due immediately, balance due

    [ ] not later than    or
    [✓] in accordance with    [ ] C,    [ ] D,    [ ] E, or    [✓] F below; or

B [ ] Payment to begin immediately (may be combined with    [ ] C    [ ] D, or    [ ] F below); or

C [ ] Payment in equal installments of $ over a period of , to commence days after the date of this judgment; or

D [ ] Payment in equal installments of $ over a period of , to commence days after release from imprisonment to a term of supervision; or

E [ ] Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from imprisonment. The Court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F [ ] Special instructions regarding the payment of criminal monetary penalties:

    [✓] While incarcerated in the custody of the Commonwealth of Kentucky, the Defendant shall pay at least $25.00 per quarter toward the monetary obligation if he has a prison job. Within thirty days of the commencement of the term of supervised release, the Defendant shall pay the balance due at a rate of at least $10 per month. The Court will reassess the Defendant's ability to pay from time to time upon the probation officer's recommendation or the Defendant's petition to reassess his ability to pay.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several (Defendant and Co-Defendant names and Case Numbers, Total Amount, Joint and Several Amount and corresponding payee, if appropriate.):

[ ] The defendant shall pay the cost of prosecution.
[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest; (4) fine principal; (5) fine interest; (6) community restitution; (7) penalties; and (8) costs, including cost of prosecution and court costs.